IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PROFESSIONAL DRUG CO., INC., et al. | § § § | PLAINTIFFS |
| v. | § § | Civil Action No. 1:11cv196-LG-RHW |
| WYETH, INC., et al. | § § | DEFENDANTS |

consolidated with

| | | |
|---|---|---|
| STEPHEN L. LaFRANCE HOLDINGS, INC., et al. | § § § | PLAINTIFFS |
| v. | § § | Civil Action No. 1:11cv199-LG-RHW |
| WYETH, INC. | § § | DEFENDANT |

consolidated with

| | | |
|---|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., et al. | § § § | PLAINTIFF |
| v. | § § | Civil Action NO. 1:11cv221-LG-RHW |
| WYETH, INC., et al. | § § | DEFENDANTS |

consolidated with

| | | |
|---|---|---|
| UNIONDALE CHEMISTS, INC., et al. | § § § | PLAINTIFF |
| v. | § § | Civil Action No. 1:11cv256-LG-RHW |
| WYETH, INC., et al. | § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO TRANSFER VENUE**

**BEFORE THE COURT** is the Motion to Transfer Venue [32] filed by Wyeth, Inc., Wyeth, LLC, formerly known as Wyeth, Inc., and Wyeth Pharmaceuticals, Inc.

The Wyeth Companies ask the Court to transfer this lawsuit to the United States District Court for the District of New Jersey, Trenton Division. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Transfer Venue should be granted.

## FACTS

On May 2, 2011, Professional Drug Co., Inc., filed this lawsuit pursuant to Section 2 of the Sherman Act and Section 4 of the Clayton Act against the Wyeth Companies, claiming that Wyeth fraudulently procured patents for the drug Effexor XR (extended release venlafaxine hydrochloride), wrongfully listed the patents in the FDA Orange Book, and engaged in "serial sham litigation to block and delay multiple generic companies from entering the market for extended release venlafaxine hydrochloride capsules." Consolidated Compl. [19] at 1. Professional Drug is a direct purchaser of Effexor XR, and it claims that it was required to pay a higher price for the drug due to the unavailability of generic versions. It has filed this lawsuit on behalf of other direct purchasers that are similarly situated.

On May 5, 2011, Stephen L. LaFrance Holdings, Inc., and Stephen L. LaFrance Pharmacy, Inc., filed a similar lawsuit against the Wyeth Companies. Rochester Drug Co-Operative, Inc., and Uniondale Chemists also filed lawsuits on May 27, 2011, and July 5, 2011, respectively. The four lawsuits were consolidated pursuant to the agreement of the parties.

Professional Drug is the only party to these consolidated lawsuits that is a resident of Mississippi. Consolidated Compl. [19] at 4. The LaFrance plaintiffs are

Arkansas companies, and Rochester and Uniondale are New York companies. *Id.* at 5; Uniondale Compl., 1:11cv256-LG-RHW, at 4. Wyeth, LLC, is a limited liability company, and its principal place of business is in Madison, New Jersey. Declaration of Layton Sanders, Ex. to Def.'s Mot.[1] Wyeth Pharmaceuticals, Inc.'s principal place of business is in Collegeville, Pennsylvania. *Id.* Wyeth, Inc., no longer exists as a corporate entity due to the company's merger with Pfizer, Inc., on October 15, 2009. *Id.* Pfizer's principal place of business is in New York. *Id.*

## DISCUSSION

The general venue statute provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). A defendant that is a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the lawsuit is commenced. 28 U.S.C. § 1391(c). Lawsuits filed under the antitrust laws against a corporation may be brought in any district in which the corporation may be found or transacts business. 15 U.S.C. § 22.

However, Congress enacted a venue transfer statute that provides, "For the

---

[1] The Wyeth Companies did not label the exhibits that they have submitted to the Court.

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008). The United States Supreme Court has held that the venue transfer statute applies to antitrust lawsuits. *United States v. Nat'l City Lines, Inc.*, 337 U.S. 78, 82-84 (1949).

A district court handling a motion to transfer venue must first determine whether the lawsuit could have been originally filed in the proposed venue. *In re Volkswagen*, 545 F.3d at 312. The Fifth Circuit has adopted the private and public interest factors enumerated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), a *forum non conveniens* case, for determining whether a case should be transferred pursuant to 28 U.S.C. §1404(a). *Id.* at 315. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign

law." *Id.* None of the factors are entitled to dispositive weight, and they are neither exhaustive nor exclusive. *Id.* The deference given to the plaintiff's choice of venue is reflected in the burden of proof placed on the defendant seeking transfer. *Id.* Specifically, the defendant must demonstrate good cause for the transfer by showing that the transferee venue is clearly more convenient than the plaintiff's choice of venue. *Id.*

In the present case, it is undisputed that this lawsuit could have been originally filed in New Jersey. Therefore, the Court must address the public and private interest factors adopted by the Fifth Circuit.

The plaintiffs argue that the first private interest factor – the relative ease of access to sources of proof – is entitled to little weight, because documents can now be exchanged electronically. The Fifth Circuit has rejected this argument. *In re Volkswagen*, 545 F.3d at 316. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Id.* The Wyeth Companies argue that documents relating to the inventions claimed in the patents, the preparation and prosecution of the relevant patent applications, and the litigation concerning the patents are located at Wyeth's New Jersey, New York, and Pennsylvania offices. Declaration of Layton Sanders, Ex. to Def.'s Mot. The plaintiffs counter that documents will also be produced from Mississippi and the states of the various generic manufacturers. Seven of the generic manufacturers are located in New Jersey. Ex. A to Pl.'s Resp.; Ex. 1 to Declaration of

Jack E. Pace, III, Ex. to Defs.' Mot. Two of the companies are located in Pennsylvania, and two are located in California. *Id.* The other nine companies are located in Maryland, North Carolina, West Virginia, Virginia, Florida, Michigan, Missouri, India, and Canada. *Id.* Any documentary evidence in the possession of two of the plaintiffs, Uniondale and Rochester, would be located in their home state of New York, while evidence in the possession of the LaFrance plaintiffs would be in Arkansas. Since the documentary evidence is located in various parts of the United States and two foreign countries, the Court finds that the first factor is neutral. *See Konami Digital Entm't Co. v. Harmonix Music Sys.*, No. 6:08cv286, 2009 WL 781134 at *5 (E.D. Tex. Mar. 23, 2009).

The second private interest factor is the availability of compulsory process to secure the attendance of unwilling witnesses. The plaintiffs argue that the Wyeth Companies have not met their burden concerning this factor, claiming that they have not identified the potential witnesses or the subject of their testimony. However, the Fifth Circuit has noted that it is not necessary for defendants seeking transfer to provide affidavits listing witnesses and their proposed testimony. *In re Volkswagen*, 545 F.3d at 317 n.12. Furthermore, the Wyeth Companies argue that testimony from representatives of the generic manufacturers will likely be necessary at trial, since the plaintiffs "must prove that the generic manufacturers identified in their Complaint in fact were delayed in entering the alleged controlled-release venlafaxine market as a direct result of Wyeth's conduct." Defs.' Mem. at 14. Since none of the generic manufacturers that are expected to serve as witnesses are located in or near

Mississippi, and most of them reside in or near New Jersey, the court finds that this factor favors transfer to New Jersey.

The third factor is the cost of attendance for willing witnesses. The Fifth Circuit has explained:

> When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. . . . [I]t is an "obvious conclusion" that it is more convenient for witnesses to testify at home and that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment . . . ." Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community.

*Id.* at 317. The plaintiffs argue that willing witnesses can testify by deposition and that hotel costs are much higher in the New York / New Jersey metropolitan area than in Mississippi. As explained previously, two plaintiffs are located in New York and therefore its representatives would presumably be located in New York. Two plaintiffs are located in Arkansas, and one is located in Biloxi, Mississippi. The Wyeth Companies have presented evidence that the District of New Jersey would be more convenient for the two inventors of Effexor XR, the individuals who handled the patent applications and patent lawsuits, and two doctors who testified in the patent litigation. The potential members of the class action are located in various states, with the majority located in the Northeastern United States. Ex. D to Pls.' Resp. The plaintiffs' argument that the witnesses located in the Northeastern United States can testify by deposition is without merit, since that argument would negate this factor in every case.

Furthermore, it would be burdensome for the parties, the Court, and a jury to try the majority of this case by deposition.  Therefore, this factor strongly favors transfer to New Jersey.

The fourth private interest factor is "all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.* at 315.  The Wyeth Companies argue that the District of New Jersey is better equipped to handle patent cases than other courts in the United States, and the District of New Jersey is currently handling a case filed by the Wyeth Companies against a generic company that will likely address some of the issues that are presented in this case.  The Court finds that this factor slightly favors transfer to New Jersey, since it would be more efficient for the same court to handle both cases.

The first public interest factor is the administrative difficulties flowing from court congestion.  The Wyeth Companies argue that this factor is neutral, because fewer cases are pending in the Southern District of Mississippi, New Jersey has a larger number of district judges, and cases pending in New Jersey are disposed of more quickly on average than cases in the Southern District of Mississippi.  The plaintiffs claim that the Southern District of Mississippi has only sixty-two pending civil cases, and the District of New Jersey has 278 pending civil cases.  However, approximately two hundred cases were assigned to the undersigned as of September 15, 2011.  Therefore, the plaintiffs' calculations are incorrect.  The Court agrees with the Wyeth Companies that this factor is neutral.

The interest in having localized interests decided at home is the second public

-8-

interest factor. The plaintiffs assert that there are significant local interests in Mississippi, since Professional Drug "paid for Effexor XR in this district, was injured in this district, and seeks to recover in this district." Pls.' Mem. at 16. However, most of the wrongful conduct alleged in the plaintiffs' Complaint occurred in New Jersey, Pennsylvania, Washington, D.C., and New York. The majority of the patent litigation against the generic companies was filed in Pennsylvania, New Jersey, and Delaware. Ex. A to Pls.' Resp. None of that litigation was filed in or near Mississippi. *Id.* None of the members of the proposed class action are from Mississippi, aside from Professional Drug. Ex. D to Pls.' Resp. Two of the potential members of the class are located nearby, in Louisiana. *Id.* The rest of the proposed members are located throughout the country, with the largest number located in Ohio and Pennsylvania. When all of these facts are considered, New Jersey appears to have the strongest connection with this lawsuit, but Mississippi also has a connection with the lawsuit. Therefore, this factor slightly favors transfer to New Jersey.

The third public interest factor is the familiarity of the forum with the law that will govern the case. The Wyeth Companies have demonstrated that the District of New Jersey has more experience handling patent law cases, particularly since that district has enacted local patent rules and it is participating in a pilot program designed to enhance patent expertise in the federal courts. Declaration of Jack E. Pace, III, Ex. to Defs.' Mot. Therefore, this factor favors transfer.

The final public interest factor – the avoidance of unnecessary problems of conflict of laws or in the application of foreign law – is not applicable here, because

federal law applies to this case, regardless of the venue.

Therefore, five of the factors favor transfer to New Jersey to some degree, and two of the factors are neutral. None of the factors favor Mississippi as the more convenient venue.

## CONCLUSION

When all of the factors are considered, the Wyeth Companies have demonstrated that it would clearly be more convenient for all of the parties and witnesses involved to litigate this case in New Jersey. The Court recognizes that one plaintiff is located in the Southern District of Mississippi, but numerous other parties and potential witnesses are located much closer to New Jersey than Mississippi and almost all of the events from which this lawsuit arose occurred in or near New Jersey. Therefore, the majority of the depositions and discovery must take place near New Jersey. In addition, this Court would not have subpoena power over any of the non-party witnesses named by the parties, and it would be inconvenient and expensive for all of the party witnesses except those of Professional Drug to travel to this Court for trial. This would likely result in a large portion of the trial testimony being presented by deposition if the case were tried in this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Transfer Venue [32] filed by Wyeth, Inc., Wyeth, LLC, formerly known as Wyeth, Inc., and Wyeth Pharmaceuticals, Inc., is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this case should be and is hereby **TRANSFERRED** to the United States District Court for District of New

Jersey, Trenton Division.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the consolidated cases – *Stephen L. LaFrance Holdings, Inc.,et al. v. Wyeth, Inc.*, Civil Action No. 1:11cv199-LG-RHW, *Rochester Drug Co-Operative, Inc., et al. v. Wyeth LLC, et al.*, Civil Action No. 1:11cv221-LG-RHW, and *Uniondale Chemists, Inc., et al. v. Wyeth LLC, et al.*, Civil Action No. 1:11cv256-LG-RHW – are also **TRANSFERRED** to the United States District Court for District of New Jersey, Trenton Division, for the reasons stated in this Memorandum Opinion and Order.

**SO ORDERED AND ADJUDGED** this the 21st day of September, 2011.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge